## HINES *vs.* BEERS.

1. There was sufficient evidence to sustain the verdict in this case, and there was no abuse of discretion in refusing a new trial, on the ground that the verdict was contrary to law and evidence.
2. Newly discovered evidence, which, with proper diligence, could have been discovered prior to the trial, and which was merely cumulative, furnished no ground for granting a new trial.
3. The issue under the foreclosure of a laborer's lien being whether there was a contract of labor at a given daily rate, and whether the labor was performed thereunder at a saw-mill, as claimed, proof of the daily capacity of the mill to saw lumber was irrelevant, and was properly rejected, especially as it was admitted that the mill was not run to its full capacity, and the reason given therefor was that the defendant did not furnish a sufficient number of hands to thus operate it, and this was not disputed. Judgment affirmed.

February 24, 1885.

HALL, Justice.

---

## McCULLOUGH *vs.* ANDERSON, for use.

The evidence on the trial before a jury in a justice's court being conflicting, there was no abuse of discretion on the part of the judge of the superior court in refusing to grant a new trial on *certiorari*, on the ground that the finding was contrary to law and evidence. Judgment affirmed.

March 10, 1885.

HALL, Justice.

---

## FRICK & COMPANY *vs.* DAVIS *et al.*

Where issues of fact are involved, and there are conflicting affidavits in respect thereto, this court will not control the discretion of the chancellor in refusing an injunction and receiver on such issues. Judgment affirmed.

April 2, 1885.

JACKSON, Chief Justice